PATEL & ALMEIDA, P.C.
ALEX D. PATEL
(State Bar No. 201875)
alex@patelalmeida.com
PAULO A. DE ALMEIDA
(State Bar No.279168)
paulo@patelalmeida.com
16830 Ventura Blvd., Suite 360
Encino, CA  91436
Telephone: 818.380.1900
Fax: 818.380.1908

Attorneys for Plaintiff,
ZUNZUN EDUCATION SERVICES INC.

## UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZUNZUN EDUCATION SERVICES INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>CUBA EDUCATIONAL TRAVEL, LLC, a Rhode Island limited liability company; COLLIN LAVERTY, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. **'16CV0305 MMA JMA**<br><br>**COMPLAINT FOR:**<br><br>1) **FEDERAL REGISTERED TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**<br><br>2) **FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a));**<br><br>3) **FEDERAL CYBERPIRACY (15 U.S.C. § 1125(d)); AND**<br><br>4) **CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiff, Zunzun Education Services Inc. ("Plaintiff"), by and through its undersigned counsel, states as follows for its complaint against Defendants Cuba Educational Travel ("CET"), Collin Laverty ("Laverty"), and Does 1 through 10, inclusive (hereinafter collectively, "Defendants"):

### THE PARTIES

1.     Plaintiff is a Washington corporation with its principal place of business at 816 Peace Portal Drive, #151, Blaine, Washington 98230.

2.     On information and belief, Defendant CET is a Rhode Island corporation, having its principal place of business at either 10 Martingale Lane, Narragansett, Rhode Island, or 110 Grape St., San Diego, California 02882, and has, at all times relevant herein, conducted business in the State of California, County of San Diego.

3.     On information and belief, Defendant Collin Laverty is an individual residing in the State of California, County of San Diego.  His last known and current address, according to the WHOIS database (*www.whois.com*), is 110 Grape St., San Diego, California 02882.  Laverty is the president, founder, director, managing member and/or an officer of Defendant CET, and was personally aware of, and authorized, approved, ratified, participated in, and instigated the wrongful conduct alleged in this Complaint.  On information and belief, at all times relevant to the allegations herein, Laverty operated the website at *www.cubaeducationaltravel.com.*

4.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as Does 1 to 10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

5.      Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants was the agent and employee of the remaining Defendants and, at all times mentioned, acted within the course and scope of such agency and employment.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338.  This court has subject matter jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 and principles of supplemental jurisdiction, because Plaintiff's state law claim is part of the same case or controversy, under Art III of the U.S. Constitution, as Plaintiff's federal claims.

7.      This Court has personal jurisdiction over Defendants because Defendants reside and/or conduct business in this State.  Specifically, according to the WHOIS database (www.whois.com), Defendants conduct business at the following address located within this district: 110 Grape St., San Diego, California 02882.  Further, Defendants operate an interactive website purposefully directed at California residents and have provided travel tour services to California residents.

8.      Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 84(c) as Defendants are believed to reside in this District and a substantial part of the events giving rise to these claims occurred in this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF
### Plaintiff's Successful CUBA EDUCATION TOURS® Brand

9.      Since at least as early as 1997, and for approximately nineteen (19) years, Plaintiff has arranged educational travel tours to Cuba for U.S. consumers, and has invested substantial resources into marketing and promoting its travel tour services under the service mark CUBA EDUCATION TOURS® (the "CUBA

EDUCATION TOURS® Mark").  Among other forms of advertising, Plaintiff operates the website at *www.cubaeducationtours.com* to promote its CUBA EDUCATION TOURS® Mark and services.

10.    CUBA EDUCATION TOURS® has developed national brand recognition as one of the leading providers of Cuba travel tour services, and consumers from all over the United States use Plaintiff's first-rate travel tour services.

11.    As a result of Plaintiff's provision of high quality services, its hard-earned, outstanding reputation in the Cuba educational tourism field, and its widespread, continuous and substantially exclusive use of the CUBA EDUCATION TOURS® Mark, the mark has acquired extensive, valuable goodwill, has developed a high degree of distinctiveness, and has become well known and recognized as identifying Plaintiff's superior quality travel tour services.

12.    Plaintiff owns, and has obtained two United States federal trademark registrations for the CUBA EDUCATION TOURS® Mark:

- U.S. Trademark Registration No. 4655921 for the mark CUBA EDUCATION TOURS® for "Travel tour operating; Travel agency services, namely, making reservations and bookings for transportation; Travel booking agencies" in International Class 39; and

- U.S. Trademark Registration No 3944341 for the mark CUBA EDUCATION TOURS Journeys for life and learning® (& Design) for the same services in International Class 39 (collectively, the "CUBA EDUCATION TOURS® Registrations ").

13.    The CUBA EDUCATION TOURS® Registrations constitute prima facie evidence that the CUBA EDUCATION TOURS® Mark is valid, and that Plaintiff is entitled to the exclusive use of the mark in commerce throughout the United States for the services listed in the registration.

**COMPLAINT**

14.     Plaintiff also has extensive common law rights in the CUBA EDUCATION TOURS® Mark based its continuous use of the mark throughout the United States since at least as early as 1997.

15.     Through extensive use, marketing and promotion for nearly two decades, the CUBA EDUCATION TOURS® Mark has become well-known among consumers, and has developed substantial goodwill and association with Plaintiff and its services.  The public distinguishes Plaintiff's services from those of other providers of Cuba travel tour services on the basis of the CUBA EDUCATION TOURS® Mark, which is distinctive and has acquired secondary meaning in the United States.

## Defendants' Wrongful Conduct

16.     On information and belief, sometime during 2012, Defendants began operating an identical type of Cuba travel tour business located at 110 Grape St., San Diego, California 02882, using the designation "CUBA EDUCATIONAL TRAVEL" (the "Infringing Mark"), which is highly similar to Plaintiff's federally registered trademark CUBA EDUCATION TOURS®.  Both marks share the first word CUBA, the second word EDUCATION or EDUCATIONAL, and use the third word TRAVEL or TOURS, which are identical in meaning.  Defendants' new business was designed to compete directly and unfairly with Plaintiff's business using a highly similar name.

17.     Among other advertising, Defendants began advertising their travel tour services using the Infringing Mark at the website located at *www.cubaeducationaltravel.com* (the "Infringing Website").

18.     According to WHOIS records, the *www.cubaeducationaltravel.com* domain is registered to Defendant Laverty.

19.     Defendants' domain *www.cubaeducationaltravel.com* is nearly identical to or contains a close approximation of the CUBA EDUCATION

TOURS® Mark, and closely mirrors the Plaintiff's domain *www.cubaeducationtours.com*.

20.     On information and belief, the domain *www.cubaeducationaltravel.com* was registered in bad faith, for the sole purpose of redirecting and diverting Plaintiff's consumers to the Defendants' website, so that Defendants could profit from the goodwill attached to the Plaintiff's mark.

21.     Plaintiff is a well-established, travel tour industry veteran with an excellent reputation among consumers and nearly nineteen (19) years of experience, whereas Defendants are newcomers, having entered the industry recently in 2012.

22.     On information and belief, Defendants adopted the highly similar mark CUBA EDUCATIONAL TRAVEL for the purpose of trading on Plaintiff's CUBA EDUCATION TOURS® Mark and goodwill.  As a result, any negative reports about Defendants could be, and may have already been attributed to Plaintiff, all to the Plaintiff's detriment.

23.     On or about May 21, 2015, Plaintiff contacted Defendants, notified them of Plaintiff's prior and superior trademark rights in CUBA EDUCATION TOURS®, and requested that they immediately cease using the Infringing Mark.

24.     Defendants refused to cease using the Infringing Mark, and have continued to offer and provide travel tour services using the Infringing Mark.

25.     Defendants' continued use of the designation "CUBA EDUCATIONAL TRAVEL" is a wrongful appropriation of Plaintiff's federal registered trademark CUBA EDUCATION TOURS®, and is likely to cause confusion among consumers as to the source, origin, sponsorship or approval of Defendants' services.  Consumers seeking Cuba travel tour services are likely to believe that Defendants are affiliated with or sponsored by Plaintiff, when that is not the case; and any negative opinions or quality issues found with any of

**COMPLAINT**

Defendants' services are likely to injure the valuable reputation and goodwill that Plaintiff has established for itself.

26.     On information and belief, the purpose of Defendants' adoption of the designation "CUBA EDUCATIONAL TRAVEL" was to trade on, misappropriate, and wrongfully reap the benefits of the goodwill and reputation associated with the CUBA EDUCATION TOURS Mark® by reason of Plaintiff's substantial expenditure of time, money and effort on cultivating its mark and brand.

27.     On information and belief, Defendants' infringement of the CUBA EDUCATION TOURS Mark® has been made in willful disregard of Plaintiff's prior rights in the mark.

28.     Plaintiff asked Defendants to cease their infringing activities, but the Defendants have refused to comply with Plaintiff's demands and have even threatened legal action against the Plaintiff despite their own unlawful conduct.

29.     Defendants' continued use of the Infringing Mark in commerce in violation of Plaintiff's valuable intellectual property rights, has caused, is causing, and will continue to cause irreparable harm to Plaintiff's reputation and to the value of Plaintiff's Mark.

30.     Due to Defendants' willful infringement and continuing unlawful conduct, and refusal to comply with Plaintiff's demands, Plaintiff is now forced to bring this Complaint to protect its valuable and longstanding intellectual property rights.  In filing this Complaint, Plaintiff incurred substantial legal fees and costs, and continues to incur fees and costs, to prosecute this lawsuit and pursue its claims.

///
///
///

**COMPLAINT**

## COUNT I – FEDERAL REGISTERED TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

(Against all Defendants)

31.     Count I is an action for trademark infringement under the trademark laws of the United States (Lanham Act), 15 U.S.C § 1114.  Subject matter jurisdiction over this Count is based upon 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

32.     Plaintiff hereby incorporates by reference paragraphs 1 through 31, *supra.* as if fully set forth herein.

33.     Plaintiff is the sole owner of the CUBA EDUCATION TOURS® Mark, which is registered to Plaintiff on the Principal Register at the USPTO.  The CUBA EDUCATION TOURS® Registrations constitute *prima facie* evidence that the CUBA EDUCATION TOURS® Mark is valid; that it is owned by Plaintiff; and that Plaintiff has the exclusive right to use the CUBA EDUCATION TOURS® Mark in commerce in connection with the services specified in the CUBA EDUCATION TOURS® Registrations.

34.     Furthermore, as specified in Paragraph 9, *supra*, Plaintiff has continuously used the CUBA EDUCATION TOURS® Mark in commerce since at least as early as 1997.  Meanwhile, on information and belief, Defendants started using the nearly-identical designation "CUBA EDUCATIONAL TRAVEL" in commerce sometime in 2012, approximately fifteen (15) years after the Plaintiff began using its mark.  Therefore, Plaintiff clearly has priority of use of the CUBA EDUCATION TOURS® Mark as against the Defendants.  As such, for at least this additional reason, Plaintiff is the owner of the CUBA EDUCATION TOURS® Mark, and has the exclusive right to use the mark in commerce.

35.     Defendants' infringement of the CUBA EDUCATION TOURS® Mark, in the manner set forth above, trades on the CUBA EDUCATION TOURS®

Mark and the goodwill associated therewith, and is likely to confuse and deceive the consuming public into believing that Defendants are associated with CUBA EDUCATION TOURS® and/or Plaintiff.

36.     The actions of Defendants complained of herein are likely to cause confusion, to cause mistake or to deceive others into erroneously believing that Defendants' services are authorized by, licensed by, sponsored by, endorsed by, or otherwise associated with CUBA EDUCATION TOURS® and/or Plaintiff.  The likelihood of confusion is particularly strong because, *inter alia*, (i) the CUBA EDUCATION TOURS ® Mark is strong due to Plaintiff's extensive use of the mark for nearly nineteen (19) years, and because the mark has acquired secondary meaning in the United States and therefore carries a high degree of consumer recognition; (ii) Plaintiff's mark CUBA EDUCATION TOURS® and the designation used by the Defendants, "CUBA EDUCATIONAL TRAVEL", are highly similar; (iii) both Defendants and Plaintiff use the marks in connection with *identical* travel tour services; and (iv) Defendants and Plaintiff share the same marketing and trade channels.

37.     In view of the foregoing, and on information and belief, the acts and conduct of Defendants complained of herein constitute willful and deliberate infringement of Plaintiff's CUBA EDUCATION TOURS® Mark in violation of Section 32 of the Lanham Act, 15 U.S.C. 1114.

38.     By reason of the foregoing, Plaintiff has been damaged and is being damaged by Defendants' willful infringement of the CUBA EDUCATION TOURS® Mark.  Therefore, pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to recover at least (i) Defendants' profits gained from their infringement; (ii) Plaintiff's damages suffered due to Defendants' infringement; and (iii) Plaintiff's costs in this action.

**COMPLAINT**

39.     Moreover, Plaintiff has been and will continue to be, irreparably injured by the continued infringing acts of Defendants, until and unless such acts are enjoined.  Plaintiff has no adequate remedy at law.  Therefore, in addition to the foregoing, Defendants should be preliminarily and permanently enjoined from their infringing acts under 15 U.S.C. § 1116.

## COUNT II - FEDERAL UNFAIR COMPETITION

(Against all Defendants)

40.     Count II is an action for unfair competition, false designation of origin and false or misleading descriptions and representations, arising under §43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Subject matter jurisdiction over this Count is based upon 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(b).

41.     Plaintiff hereby incorporates by reference paragraphs 1 through 40, *supra,* as if fully set forth herein.

42.     The actions complained of herein constitute unfair competition, false designations of origin and false descriptions, in that the designation "CUBA EDUCATIONAL TRAVEL" used in conjunction with Cuba travel tour services, is likely to cause confusion or to deceive the consuming public as to the affiliation, connection or association of Plaintiff's CUBA EDUCATION TOURS® Mark with Defendants.

43.     Plaintiff has placed Defendants on written notice of their infringing acts, but Defendants have failed to terminate their infringing conduct.

44.     The foregoing acts of Defendants constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.     By reason of the foregoing, Plaintiff has been damaged and is being damaged by Defendants' willful violations of 15 U.S.C. § 1125(a).  Therefore, pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to recover at least (i) Defendants' profits earned from its violations of 15 U.S.C. § 1125(a); (ii) Plaintiff's

**COMPLAINT**

damages suffered due to Defendants' violations; and (iii) Plaintiff's costs in this action.

46.     Moreover, Plaintiff has been, and will continue to be, irreparably injured by the continued unlawful acts of Defendants, until and unless such acts are enjoined.  Plaintiff has no adequate remedy at law.  Therefore, in addition to the foregoing, Defendants should be preliminarily and permanently enjoined from their unlawful violations of 15 U.S.C. § 1125(a), pursuant to 15 U.S.C. § 1116.

## <u>COUNT III – FEDERAL CYBERPIRACY</u>

### (Against all Defendants)

47.     Count III is an action for federal cyberpiracy arising under 15 U.S.C. § 1125(d).  Subject matter jurisdiction over this Count is based upon 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(b).

48.     Plaintiff hereby incorporates by reference paragraphs 1 through 47, *supra,* as if fully set forth herein.

49.     Defendants have registered and have used a domain name, *www.cubaeducationaltravel.com*, which is nearly identical or confusingly similar to the CUBA EDUCATION TOURS® Mark and Plaintiff's corresponding domain *www.cubaeducationtours.com*.  According to the domain name lookup service, *www.whois.com*, the domain name *www.cubaeducationaltravel.com* was registered on May 1, 2012, by "Collin Laverty" of "Cuba Educational Travel LLC."

50.     On information and belief, Defendants were the true owners and users of the domain *www.cubaeducationaltravel.com* at the time of registration of the domain, and they are still the true owners and users of the domain.

51.     On information and belief, Defendants registered and used, and continue to use the infringing domain *www.cubaeducationaltravel.com*, with the bad faith intent to profit from the CUBA EDUCATION TOURS® Mark.  This bad faith intent is manifest from Defendants' numerous acts of infringement of the

CUBA EDUCATION TOURS® Mark, as set forth above.  It is also manifest from the facts that, *inter alia*, (i) Defendants have no valid trademark or other intellectual property rights in the Infringing Mark or the infringing domain name; (ii) Defendants' use of the infringing domain is purely commercial; (iii) the infringing domain name is nearly identical to the Plaintiff's mark; (iv) on information and belief, Defendants had actual knowledge or at least constructive knowledge of Plaintiff and Plaintiff's mark prior to registering the domain; (v) the infringing domain was used, and is being used specifically for the purpose of confusing, diverting and redirecting consumers seeking Plaintiff's CUBA EDUCATION TOURS® services to Defendants, as demonstrated by the fact that the website at the infringing domain features numerous references to the Infringing Mark.

52.    In view of the foregoing, Plaintiff is entitled to remedies including, at least: (i) an order pursuant to 15 U.S.C. § 1125(d)(1)(C) that Defendants must forfeit the infringing domain name *www.cubaeducationaltravel.com* by transfer of the same to Plaintiff; (ii) an award to Plaintiff of profits, damages and costs pursuant to 15 U.S.C. § 1117(a); or (iii) an award to Plaintiff of statutory damages pursuant to 15 U.S.C. § 1117(d).

## COUNT IV - CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT

(Against all Defendants)

53.    Count III is an action for trademark infringement under the common law of the state of California.  Subject matter jurisdiction over this Count is founded upon supplemental jurisdiction under 28 U.S.C. § 1367.

54.    Plaintiff hereby incorporates by reference paragraphs 1 through 53, *supra,* as if fully set forth herein.

55.    Plaintiff is the owner of the CUBA EDUCATION TOURS® Mark, which is registered to Plaintiff on the Principal Register at the USPTO.  This

**COMPLAINT**

registration constitutes *prima facie* evidence that the CUBA EDUCATION TOURS® Mark is valid; that it is owned by Plaintiff; and that Plaintiff has the exclusive right to use the CUBA EDUCATION TOURS® Mark in commerce in connection with the services specified in the registration for the mark.

56.     Furthermore, as specified in Paragraph 14, *supra*, Plaintiff has continuously used the CUBA EDUCATION TOURS® Mark in commerce since at least as early as 1997, including promoting the trademark in California and providing Cuba travel tour services to California consumers.  Meanwhile, on information and belief, Defendants started using the identical designation "CUBA EDUCATIONAL TRAVEL" in commerce sometime in 2012, approximately fifteen (15) years after the Plaintiff began using its mark.  Therefore, Plaintiff clearly has priority of use of the CUBA EDUCATION TOURS® Mark as against the Defendants.  As such, for at least this additional reason, Plaintiff is the owner of the CUBA EDUCATION TOURS® Mark, and has the exclusive right to use the mark in commerce.

57.     For the reasons set forth above, Plaintiff has acquired common law trademark rights in California in the CUBA EDUCATION TOURS® Mark.

58.     Due to Plaintiff's extensive use of the CUBA EDUCATION TOURS® Mark across the United States, including in California, for nearly nineteen (19) years, the mark is distinctive and has acquired secondary meaning in the minds of the consuming public and therefore carries a high degree of consumer recognition.

59.     Defendants' infringement of the CUBA EDUCATION TOURS® Mark, in the manner set forth above, trades on the CUBA EDUCATION TOURS® Mark and the goodwill associated therewith, and is likely to confuse and deceive the consuming public into believing that Defendants are associated with CUBA EDUCATION TOURS® and/or Plaintiff.

60.     The actions of Defendants complained of herein are likely to cause confusion, to cause mistake or to deceive others into erroneously believing that Defendants' services are authorized by, licensed by, sponsored by, endorsed by, or otherwise associated with CUBA EDUCATION TOURS® and/or Plaintiff.  The likelihood of confusion is particularly strong because, *inter alia*, (i) the CUBA EDUCATION TOURS® Mark is strong due to Plaintiff's extensive use of the mark for nearly nineteen (19) years, and because the mark has acquired secondary meaning in the minds of the consuming public and therefore carries a high degree of consumer recognition; (ii) Plaintiff's mark CUBA EDUCATION TOURS® and the designation used by Defendants, "CUBA EDUCATIONAL TRAVEL," are highly similar; (iii) both Defendants and Plaintiff use the marks in connection with *identical* Cuba travel tour services; and (iv) Defendants and Plaintiff share the same marketing and trade channels.

61.     On information and belief, the acts and conduct of Defendants complained of herein constitute willful and deliberate infringements of Plaintiff's common law trademark rights in the CUBA EDUCATION TOURS® Mark.

62.     The foregoing acts of Defendants constitute infringement of Plaintiff's common law trademark rights in the CUBA EDUCATION TOURS® Mark under the common law of the State of California.

63.     By reason of the foregoing, Plaintiff has been damaged and is being damaged by Defendants' willful infringement of the CUBA EDUCATION TOURS® Mark, and will continue to be damaged unless Defendants are enjoined from using the mark.

64.     Plaintiff has been and will continue to be, irreparably injured by the continued infringing acts of Defendants, until and unless such acts are enjoined. Plaintiff has no adequate remedy at law.

**COMPLAINT**

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A.      That Defendants and their parents, subsidiaries and affiliated companies, their respective officers, directors, agents, servants, employees, representatives and attorneys, and those persons in active concert or participation with them who receive actual notice of the injunction order by personal or other service be preliminarily and permanently enjoined from using CUBA EDUCATION TOURS® and all other confusingly similar marks, and from using, affixing, offering for sale, selling, advertising, promoting or rendering goods or services with the CUBA EDUCATION TOURS® Mark or any other trade name or trademark confusingly similar to the CUBA EDUCATION TOURS® Mark;

B.      That Defendants and their parents, subsidiaries and affiliated companies, their respective officers, directors, agents, servants, employees, representatives and attorneys, and those persons in active concert or participation with them who receive actual notice of the injunction order by personal or other service be preliminarily and permanently enjoined from use of any false descriptions or representations, or any false designations of origin, or from otherwise committing any acts of unfair competition with respect to Plaintiff and its CUBA EDUCATION TOURS® Mark, by using the CUBA EDUCATION TOURS® Mark or any other trade name or trademark confusingly similar to the CUBA EDUCATION TOURS® Mark;

C.      That Defendants be ordered that all catalogs, signs, displays, labels, brochures, advertising, promotional materials, and websites in Defendants' possession, or subject to their control, bearing the "CUBA EDUCATIONAL TRAVEL" designation or any other trade name or trademark confusingly similar to the CUBA EDUCATION TOURS® Mark, be delivered to the Clerk of the Court

**COMPLAINT**

for maintenance during the pendency of this action and for destruction upon entry of a Final Judgment;

D.      That Defendants be ordered to cease using the domain *www.cubaeducationaltravel.com*, and be ordered to transfer that domain to Plaintiff pursuant to 15 U.S.C. § 1125(d)(1)(C);

E.      That Defendants be ordered to cease using any other domain names, websites, or web pages that include references to the CUBA EDUCATIONAL TRAVEL Mark, or any other trade name or trademark confusingly similar to the CUBA EDUCATION TOURS® Mark, and be ordered to transfer the same to Plaintiff pursuant to 15 U.S.C. § 1125(d)(1)(C);

F.      That Defendants be ordered to report to the Court in writing under oath with a copy to Plaintiff's attorneys within 30 days service of notice of any Orders setting forth in detail the manner and form in which Defendants have complied with any Order issued hereunder;

G.      That the Court award an accounting to Plaintiff for the profits of Defendants, and for the damages sustained by Plaintiff as a result of the willful, intentional, and wrongful conduct of Defendants;

H.      That because of the willful nature of Defendants' acts, the Court enter a judgment for treble the amount of the aforesaid damages;

I.      That because of the willful, intentional, and wrongful nature of Defendants' acts, the Court award to Plaintiff exemplary or punitive damages;

J.      That the Court award Plaintiff pre-judgment interest;

K.      That Defendant be required to pay to Plaintiff its costs in this action, including all costs and attorneys' fees; and

///

///

///

**COMPLAINT**

1    L.    That Plaintiff be granted such other and further relief as the Court

2    deems just and proper.

3

4    Dated:  February 5, 2016                    PATEL & ALMEIDA, P.C.
                                                 PAULO A. DE ALMEIDA
5                                                ALEX D. PATEL

6                                                By:__s/Paulo A. de Almeida_____
7                                                    PAULO A. DE ALMEIDA

8                                                Attorneys for Plaintiff,
9                                                ZUNZUN EDUCATION
                                                 SERVICES INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**

1

## **DEMAND FOR JURY TRIAL**

2

        Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules

3

of Civil Procedure as to all issues in this lawsuit.

4

5

 Dated:  February 5, 2016                 PATEL & ALMEIDA, P.C.

                                           PAULO A. DE ALMEIDA

6

                                           ALEX D. PATEL

7

8

                                           By:__s/Paulo A. de Almeida_____

                                             PAULO A. DE ALMEIDA

9

                                         Attorneys for Plaintiff,

10

                                         ZUNZUN EDUCATION

11

                                         SERVICES INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**